UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Barak Vaughn | Patrick Cathcart | |

**Proceedings:**     **DEFENDANT'S MOTION TO DISMISS** (filed 10/2/09)

## I.     INTRODUCTION

On July 24, 2009, plaintiffs Asher Leids and Lisa Leids filed suit in Los Angeles County Superior Court against defendants MetLife Home Loans and Does 1-100 alleging claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of Unruh Civil Rights Act, Cal. Civ. Code §§ 51-52(A); (4) unfair competition in violation of Bus. & Prof. Code § 17200 et seq.; and (5) promissory estoppel.  Plaintiffs allege that they suffered injuries and damages as a result of defendant's disability discrimination against Asher Leids in connection with the refinancing of their home loan.

On September 25, 2009, defendant MetLife removed the instant action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  On October 2, 2009, defendant filed the instant motion to dismiss plaintiffs' complaint.[1]  On November 16, 2009, plaintiffs filed an opposition to defendant's motion.  On

---

[1] On October 26, 2009, plaintiffs filed the motion to remand the instant proceeding to the Los Angeles County Superior Court.  By order dated December 7, 2009, the Court denied the motion for remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

November 23, 2009, defendant filed its reply.[2]  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs allege that on August 1, 2001, Asher Leids was involved in an automobile accident that left him disabled and unable to work, and that as of February 1, 2002, his only source of income was from disability and insurance benefits, which totaled approximately $200,000.00 per year.  Id.  Compl. ¶ 6.

Plaintiffs allege that on December 18, 2008, they sought to refinance their home, located at 6047 Ellenview Ave., Woodland Hills, California 91367 ("Subject Property") with BM Real Estate Services, Inc. ("BMRES")  Id. ¶ 7.  According to plaintiffs, BMRES then forwarded their loan application to Metlife Home Loans ("defendant") on January 13, 2009.  Id.  Plaintiffs allege that throughout the initial mortgage application, they provided proof of adequate income to pay monthly mortgage payments in the amount of $3,307.56.  Id.

Plaintiffs allege that thereafter, on March 18, 2009, defendant "demanded that they produce a written document from Mr. Leids' treating physician, confirming that Asher Leids was still disabled and would be unable to return to work for approximately three (3) more years."  Id. ¶ 9.  According to plaintiffs, the disability letter was the most significant criteria for either approval or denial of the loan.  Id.  Plaintiffs allege that they complied with defendant's demand, and that thereafter, plaintiffs and defendant consummated the loan agreement for a monthly payment of $3,196.42.  Id.  ¶¶ 10, 11.

---

[2] Although defendant initially moved to dismiss plaintiffs' first claim for breach of contract, in its reply, defendant concedes that plaintiffs have adequately pled a claim for a breach of contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

Plaintiffs next allege that after the consummation of the loan agreement, defendant insisted that plaintiffs pay down their second trust deed by $1,000.00. Id. ¶ 11. Plaintiffs allege that they complied with this request. Id. Thereafter, defendant forwarded new closing loan documents, which plaintiffs again executed. Id. ¶ 13. Plaintiffs allege that after executing the second set of loan documents, defendant informed plaintiffs that their loan would not be funded because the documentation submitted by the second trust deed holder, Chase Bank, was inadequate. Id. ¶ 14. Plaintiffs allege that the cause of defendant's refusal was a mere pretext, and in fact, defendant refused plaintiffs' loan because of Asher Leids' disability. Id.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

### A.   Breach of Implied Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Racine v. Larami, Ltd., Inc., 11 Cal. App. 4th 1026, 1031 (1992); Foley v. Interactive Data Corp., 47 Cal. 3d 654, 683-684 (1988). "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest, not directly tied to the contract's purpose." Racine, 11 Cal. App. 4th at 1031. "The covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." Id. at 1031-1032 (citing Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (1990)).

Generally, no claim for the tortious breach of the implied covenant of good faith and fair dealing can be alleged unless the parties are in a "special relationship" with "fiduciary characteristics." Pension Trust Fund for Operating Engineers v. Fed. Ins. Co., 307 F.3d 944, 955 (2002); Mitsui Mfrs. Bank v. Super. Ct., 212 Cal. App. 3d 726, 730 (1989) (relying on Foley, 47, Cal. 3d at 692-693). The implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length. Pension Trust Fund for Operating Engineers, 307 F.3d at 955; Mitsui, 212 Cal. App. 3d at 733. Generally, California courts do not invoke a special relationship between a lender and borrower. Phillips v. MERS Mortgage Elec. Registrations Systems, 2009 WL 3233865 *9 (E.D. Cal.); see also Kim v. Sumitomo Bank, 17 Cal. App. 4th 974, 979 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"); Mitsui, 212 Cal. App. 3d 726, 729 (borrower precluded from asserting tortious breach of implied covenant of good faith and fair dealing claim against lender). A central test of whether a lender is subject to this tort is whether there is "a fiduciary relationship in which the financial dependence or personal security by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

the damaged party has been entrusted to the other."³  Pension Trust Fund for Operating Engineers, 307 F.3d at 955 (quoting Mitsui, 212 Cal. App. 3d at 731).

Defendant argues that plaintiffs fail to state a claim for breach of the implied covenant of good faith and fair dealing because they fail to plead facts to show that they had a special relationship with defendant.⁴  Mot. at 1, 3.

Plaintiffs respond that it has alleged facts sufficient to state a claim for implied covenant of good faith and fair dealing because defendant had a contractual obligation under the loan agreement with plaintiffs.  Opp'n at 4-5.  Plaintiffs argue that defendant had the discretionary power to affect plaintiffs' rights under the loan agreement, and the defendant acted in bad faith when it breached the loan agreement.  See id at 4.

In defendant's reply, defendant reiterates the arguments set forth in the moving papers.  See Reply 1-2.

Plaintiffs have failed to allege facts sufficient to show that they had a special relationship with the defendant that included fiduciary characteristics.  The

---

³ Confidential and fiduciary relations are in law, synonymous and may be said to exist whenever trust and confidence is reposed by one person in another. Barrett v. Bank of America, 183 Cal. App. 3d 1362, 1369 (1986).  A relationship of trust and confidence exists between a bank and its loan customers which gives rise to a duty of disclosure of facts which may place the bank or a third party at an advantage with respect to the customer.  Id.  A lender owes a fiduciary duty to a borrower when it excessively controls or dominates the borrower.  Pension Trust for Operating Engineers, 307 F.3d at 955.

⁴ It appears that defendant concedes that plaintiffs allege a claim for breach of contract.  Mot. at 1.  Thus, the Court declines to dismiss this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

existence of a contract between the parties does not suffice. Without more, the Court concludes that plaintiffs have failed to allege a claim for breach of the implied covenant of good faith and fair dealing. Accordingly, the Court grants the motion to dismiss this claim.

### B.  Violation of Unruh Civil Rights Act

Defendant argues that plaintiffs fail to state a claim for violation of the Unruh Act California Civil Code §§ 51-52(A) because they have not pled facts showing that defendant intentionally discriminated against them or allege how defendant took into account Asher Leids' disability when denying the loan under their agreement.[5]  Mot. at 5.

Plaintiffs respond that they have alleged that defendant's demand "that plaintiff, Asher Leids, provide a written document from his treating physician stating that Mr. Leids is still permanently disabled and would not likely to return to work for approximately three (3) years" was the "main and most significant criteria for approval or denial of the loan."  Opp'n at 6.  Plaintiffs further argue that the Americans With Disabilities Act ("ADA"),[6] pursuant to 42 U.S.C. § 12101 is

---

[5] The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  In 1992, the Unruh Act was amended to provide that "a violation of the right of any individual under the [ADA] shall also constitute a violation of this section."  Cal. Civ. Code § 51(f).

[6] In order to set forth a prima facie case under Title III of the ADA, a plaintiff must prove that: (1) he has a disability; (2) defendant's business is a place of public accommodation; (3) and he was denied full and equal treatment because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

incorporated into the Unruh Civil Rights Act, pursuant to California Civil Code §§ 51-52(A), and thus plaintiffs are not required to allege intentional discrimination against Asher Leids' disability.[7] Id. at 5.

     Defendant replies that it does not dispute the fact that "ADA claims fall under the Unruh Act." Reply at 2. Defendant further argues that plaintiffs fail to allege a "causal connection" between the fact that plaintiff Asher Leids was disabled and the fact that plaintiffs' loan was denied. Id.

---

of his disability. Organization for Advancement of Minorities with Disabilities, 406 F. Supp. 2d at 1129; Mayberry v. Von Valtier, 843 F. Supp. 1160, 1166 (1994). Plaintiff must additionally show that he was denied access under the circumstances which give rise to the inference that such denial was based solely on his disability. Organization for Advancement of Minorities with Disabilities, 406 F. Supp. 2d at 1129. Although plaintiff asserts that an ADA claim is incorporated into the Unruh Act, plaintiff does not allege a violation of the ADA.

     [7] The California Supreme Court has held that the Unruh Act does require intentional discrimination to establish liability. Harris v. Capital Growth Investors XIV, 52 Cal.3d 1142, 1175 (1991). Thus, it is only when the plaintiff pleads a theory that does not require intent under the ADA that intent is not required under the Unruh Act. Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant, 406 F. Supp. 2d 1120, 1129 (2005). In almost all circumstances, the Unruh Act prohibits only intentional discrimination. Id. However, a violation of an individual's rights under the ADA "shall also constitute a violation of [the Unruh Act]." Id. Thus, an Unruh Act claim based on an ADA claim not requiring proof of intentional discrimination likewise does not require such proof. Id.; see also Presta v. Peninsula Corridor Joint Powers Bd., 16 F. Supp. 2d 1134, 1136 (N.D. Cal. 1998) ("[I]f Plaintiff need not demonstrate discriminatory intent to prove a claim under the ADA, she similarly need not show such intent to prevail under the Unruh Act.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

Whether or not plaintiffs must prove intentional discrimination, it is clear that plaintiffs must show a causal connection between Asher Leids' disability and the denial of the loan. Here, plaintiffs allege that the stated reason for the denial of the loan was that the second mortgage documents were inadequate. This allegation therefore suggests that defendant put forth a good faith reason for denying the loan. Plaintiffs must therefore plead facts that overcome this conclusion and which show the stated basis for denial was pretextual. As such, the Court grants the motion to dismiss as to the Unruh Act claim.

### C. Unfair Competition

To allege a claim for unfair competition ("UCL"), the claimant must allege "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL governs injuries to consumers. See Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 643-644 (2008). An "unlawful" practice prohibited by California Business and Professions Code § 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. Saunders v. Super. Ct., 27 Cal. App. 4th 832, 839 (1994). By proscribing any unlawful business practice, California Business & Professions Code § 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable. Cel-Tech Communic'ns, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999).

It is not necessary for a business practice to be "unlawful" in order to be subject to an action under the UCL. The "unfair" standard, also provides an independent basis for relief. Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 719 (2001). "Unfair" means any practice whose harm to the victim outweighs its benefits. Saunders, 27 Cal. App. 4th at 839. This standard is intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud. Id. The test of whether a business practice is unfair involves an examination of that practice's impact on its alleged victim, balanced against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

reasons, justifications and motives of the alleged wrongdoer.  Id.  The court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.  Id.  An unfair business practice occurs when that practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  Id.; State Farm Fire & Casualty Co., v. Super. Ct., 45 Cal. App. 4th 1093 (1996).  "Fraudulent" as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public "are likely to be deceived.[8]  Saunders, 27 Cal. App. 4th at 839.

Defendant argues that plaintiffs fail to plead that defendant's denial of the loan under the loan agreement is unlawful, unfair, or fraudulent.  Mot. at 6.  Defendant argues that plaintiffs "have not alleged any unlawful or unfair practice" or any deceptive advertising.[9]  Id.

Plaintiffs respond that it is not necessary "to plead the exact language of every deceptive statement" and that it is "sufficient for plaintiff[s] to describe a scheme to mislead customers, and allege that each misrepresentation to each customer conforms to that scheme."  Opp'n at 7.  Plaintiffs further argue that they have alleged that defendant discriminates against those individuals who suffer from

---

[8] A practice that is deceptive is necessarily unfair.  Blakemore v. Superior Court, 129 Cal. App. 4th 36, 49 (2005).  A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.  Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000).

[9] Defendant further argues that plaintiffs fail to allege that defendant made "any profits" when it denied the loan.  Id.  However, whether or not a basis for disgorgement has been pled, it is clear that plaintiffs seek injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

disabilities by denying them mortgage loans.[10]  Id.

Defendant replies that plaintiffs fail to allege that defendant engaged in "schemes to defraud" but does not add any other new arguments.  Reply at 4.

A breach of contract claim may form the predicate of a UCL claim, provided it also constitutes conduct that is "unlawful, or unfair, or fraudulent."  Puentes, 160 Cal. App. 4th at 645.  Plaintiffs here allege that defendant engaged in a scheme to deceive or defraud plaintiffs and that defendant's breach of contract was therefore, unfair or fraudulent.  The Court concludes that plaintiffs fail to allege that defendant's act of denying the loan under the loan agreement was unfair or fraudulent, because plaintiffs fail to allege that members of the public would likely be deceived by defendant's breach under the loan agreement.  See Schnall, 78 Cal. App. 4th at 1167.  Accordingly, the Court finds that plaintiffs have not stated a claim for violation of UCL and thus, dismisses this claim.

### D. Promissory Estoppel

Defendant argues that promissory estoppel does not arise when the promisee to a contract has performed its alleged contractual obligations.  Mot. at 7 (citing Youngman v. Nevada Irrigation District, 70 Cal. 2d 240, 249-250 (1969).

Plaintiffs respond that even though defendant has conceded that plaintiffs have sufficiently alleged a claim for breach of contract, plaintiffs may still allege a

---

[10] It appears that plaintiffs have misstated their allegation that defendant has discriminated against other individuals with disabilities.  Plaintiffs have alleged in their complaint that "unless restrained and enjoined by the Court, Defendant, MetLife Home Loans will continue to unfairly discriminate against those individuals who suffer from permanent and non-permanent disabilities in their pursuit of home loans."  Compl. ¶ 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7016 CAS (RZx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | ASHER LEIDS; ET AL. v. METLIFE HOME LOANS | | |

claim for promissory estoppel. Opp'n at 8. Plaintiffs argue that they have sufficiently alleged that "there is no proper basis to dismiss this claim because they have "detrimentally relied on Defendant's conduct and promises." Id. at 9.

Defendant adds no new arguments in its reply. See Reply at 5.

The doctrine of promissory estoppel provides a substitute for consideration to allow enforcement of a promise. Money Store Inv. Corp. v. S. Cal. Bank, 98 Cal. App. 4th 722, 732 (2002); Sutherland v. Barclays American/Mortgage Corp., 33 Cal. App. 4th 299, 312 (1997). Here, because defendants have conceded that plaintiffs have properly alleged a claim for breach of contract, the parties do not dispute that there was no adequate consideration for the contract. Thus, there is no need to provide a substitute for consideration, and plaintiff's claim for promissory estoppel is superfluous. See Money Store Inv. Corp., 98 Cal. App. 4th at 732. Accordingly, the Court concludes that plaintiffs have not stated a viable claim and thus grants dismissal of this claim.

**IV. CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS in part and DENIES in part defendant's motion to dismiss. Plaintiffs shall file an amended complaint curing the defects noted herein within thirty (30) days after the filing of this order. In the event that plaintiffs do not amend their complaint within thirty (30) days, this order will operate as a dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |